OPINION
Appellant Durad Keith appeals a judgment of the Richland County Common Pleas Court convicting him of Trafficking in Cocaine (R.C. 2925.03(A)(5)), with a specification of a prior conviction of a felony drug offense:
ASSIGNMENTS OF ERROR:
 I. THE EVIDENCE SUPPORTING THE CONVICTION IS INSUFFICIENT AS A MATTER OF LAW AND THEREFORE DID NOT PROVE THE APPELLANT'S GUILT BEYOND A REASONABLE DOUBT.
 II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL THROUGHOUT THE TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES AS WELL AS ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
In the winter of 1996, Lieutenant James Goldsmith, a Mansfield Police Officer who assists METRICH, a multi-jurisdictional drug task force, received a call from the Chief of Police of Crestline, Ohio. Chief Smith told Lieutenant Goldsmith about Ricky Justice, who was serving a three-day jail sentence for contempt of court. According to Smith, Justice would be willing to cooperate with METRICH, in the capacity of a confidential informant, to avoid serving the rest of his jail sentence.
As a result of this conversation, Justice came to the METRICH office in February of 1996, and signed up to be a confidential informant. On February 15, 1996, Justice came to the METRICH office to set up an attempt to purchase crack cocaine from Roy Price, appellant's co-defendant.
When Justice arrived at the METRICH office on the 15th of February, he was wired with a transmitter. He was searched, his vehicle was searched, and he was given a micro-cassette recorder.
The drug deal was to take place at a body shop. Justice was to proceed to the body shop in his vehicle, with officers from METRICH following him to monitor the deal. Shortly after entering the body shop, Justice came out, as Price did not want to front the cocaine as originally planned, but wanted the money up front. The METRICH officers and Justice went back to the METRICH office to get the purchase money.
Justice then returned to the body shop, with the officers assuming their original surveillance positions. Justice left the shop in his tow truck, with another man who he referred to as "Lewis". Bond and the other police vehicles followed Justice, but the micro-cassette tape ran out during the trip. When Justice took Lewis to tow the car, Lewis entered an apartment.
Justice returned to the body shop for a third time. Appellant stopped him on his way to the body shop, and they both got into Justice's vehicle. Appellant pulled rock cocaine out of his pants. The cocaine was in a zip-lock baggy. Justice gave appellant the money for the drugs, and appellant left the vehicle.
Later that day, Justice received a call from appellant wanting to purchase back some of the drugs. Several days later, appellant and Price contacted Justice. They questioned Justice as to whether he was wired at the time he bought the cocaine. He told them that he was not. In order to demonstrate that he was not wired at the time of the drug buy, appellant and Price lit a crack pipe, and forced Justice to smoke some crack.
Appellant and Roy Price were both charged with Trafficking in Cocaine. The case proceeded to jury trial in the Richland County Common Pleas Court. Following trial, appellant was convicted as charged. He was sentenced to five to fifteen years incarceration.
 I.
Appellant argues that the judgment is against the manifest weight of the evidence. Our duty when reviewing a claim that a judgment is against the weight of the evidence is determine if there was sufficient evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt, viewing the evidence in a light most favorable to the State.State vs. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus. The weight to be given evidence and the credibility of witnesses are to be determined by the trier of fact. State vs.Jamison (1990), 49 Ohio St.3d 182, cert. denied, 498 U.S. 881.
Appellant argues that the informant was the only witness who observed the drug buy, and his testimony is not credible. Appellant further argues that there is insufficient evidence to identify appellant as the person who sold the drugs to Justice, as only one police officer identified appellant as the man who entered Justice's vehicle on the day in question. Further, appellant argues that there is a discrepancy in the officers' testimony regarding the identity of the person wearing the red-hooded sweatshirt. Finally, appellant argues that Justice could have received the cocaine from another source.
All of these issues go to the weight to be given the evidence, and the credibility of the witnesses. There was sufficient evidence from the testimony of Justice, corroborated by the observations of the surveillance officers, to support the conviction.
The first Assignment of Error is overruled.
 II.
Appellant argues that counsel was ineffective for failing to file a motion to sever appellant's case from Price's case, and for failing to seek a court order mandating finger-print analysis on the plastic baggie containing the cocaine.
Counsel is not ineffective unless the performance fell below an objective standard of reasonable representation, and the defendant was prejudiced thereby. To show prejudice, the defendant must show that but for counsel's errors, there is a reasonable probability that the outcome would have been different.Strickland vs. Washington (1984), 466 U.S. 668; State vs. Bradley
(1989), 42 Ohio St.3d 136, cert. denied, 497 U.S. 1011.Severance: Appellant argues that filing a motion to sever should be a "standard part of trial preparation." Appellant argues that he was prejudiced by the introduction of evidence of Price's prior conviction for a felony drug offense. He further argues prejudice in the "inability to pursue a defense strategy antagonistic of defendant Price."
Appellant has not demonstrated prejudice. The court specifically instructed the jury as to each defendant separately, and used separate verdict forms. Appellant has not demonstrated how a joint trial prevented him from pursuing an antagonistic line of defense relative to Price. Appellant has not demonstrated that he was prevented from presenting evidence that Price, and not appellant, sold the drugs to Justice. We reject appellant's claim that the failure to file a motion to sever is per se unreasonable on the part of the attorney.
Fingerprint analysis: Appellant has not demonstrated that had fingerprint analysis been conducted on the baggie, his fingerprints would not have been found on the baggie. Therefore, counsel's decision to forego a request for fingerprint analysis was not unreasonable. Further, appellant has not demonstrated that had fingerprint analysis been conducted on the baggie, he would have been acquitted.
The second Assignment of Error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 97-CA-44-2
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is affirmed. Costs to appellant.